YAHOLA SAND & GRAVEL CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2281.    Promulgated April 13, 1927.

DEPLETION.—March 1, 1913, value of gravel deposits determined for purpose of.

*M. F. Trimble, Esq., Charles P. Gotwals, Esq.,* and *Ezra Brainerd, Jr., Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* and *B. H. Saunders, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for 1920 in the amount of $2,288.20. The deficiency results from the disallowance of a deduction claimed for depletion of certain sand and gravel deposits.

### FINDINGS OF FACT.

The petitioner is an Oklahoma corporation with its principal office at 702–4 Surety Building, Muskogee, Okla. It was organized in 1912 under the name of Yahola Sand Co., but the name was subsequently changed to Yahola Sand & Gravel Co.

On July 26, 1912, the petitioner corporation entered into a lease with one J. M. Pierce, the material provisions of which were that the petitioner had the right to remove from the premises owned by the lessor, within a period of 20 years, all of the sand and gravel in the property described therein. It was provided in the lease that the lessees should pay the lessors for the sand and gravel so removed at the rate of 60 cents per car of 100,000 pounds capacity and 55 cents per car for all cars of lessser capacity.

The petitioner had previously on March 30, 1912, made a contract with the Peoples Electric Railway Co. whereby that company agreed to construct a branch road from its main line to the gravel bar, a distance of one and three-fourths miles. The railway company also agreed to transport cars loaded with gravel from the petitioner's holdings to junctions with the St. Louis & San Francisco Ry. or the Missouri, Kansas & Texas Ry. in Muskogee, seven miles distant, or Fort Gibson, approximately three miles away, for $8 per car, empty cars to be transported free of charge. The petitioner guaranteed to the railway company a minimum payment of $3,000 per annum for a period of five years and executed a penal bond in the amount of $15,000 to guarantee such payment, the bond to be canceled at the expiration of five years provided the payments guaranteed thereby were made. The petitioner also advanced $3,000 to the railway company to apply on the construction of a branch line,

The sand and gravel obtained under the Pierce lease was of good quality, standing all of the required tests for building and paving purposes. At the time the lease was acquired there was a demand for such materials for paving and building purposes and for use in the oil fields in constructing refineries and foundations for pumping plants.

On or about March 1, 1913, gravel was selling for 10 cents per cubic yard at the pit. At times and under some circumstances the price ranged as high as 15 cents per cubic yard.

A part of the leased properties lies within or below the meander line of the Arkansas River. The portion above the meander line contained 3,538,200 cubic yards of gravel on March 1, 1913. The petitioner's schedule of production has at all times contemplated the removal of gravel at such a rate that the life of the operation would be the life of the lease.

The Commissioner has computed the deduction on a cost basis of $3,000.

## OPINION.

GREEN: The only question presented for determination by this appeal is: What amount, if any, should be allowed to the petitioner as depletion on the J. M. Pierce sand and gravel lease? The Commissioner has computed the deduction on a cost basis of $3,000, while the petitioner contends that the proper basis is the March 1, 1913, value of the lease. It was originally claimed that this value was $100,000 but at the hearing an amended petition was filed alleging that the March 1, 1913, value was $150,000.

The sand and gravel bar covered by the Pierce lease extends into the bed of the Arkansas River, but in this appeal the petitioner makes no claim for a valuation of any part of the bar below high water mark. Furthermore the United States District Court in *United States* v. *Mackey*, 214 Fed. 137, in an opinion rendered since the lease was negotiated, held that the bed of the Arkansas River so far as the river is navigable, belongs to the State.

At the hearing the petitioner called numerous witnesses to the stand to testify as to the value of the lease here under consideration. The testimony of these witnesses as to the value ranges from $100,000 to $300,000. There were few sales or leases made in this vicinity at a time sufficiently close to March 1, 1913, to make evidence of them of any practical value in the determination of the value of this leasehold. From an examination of all of the evidence, we are of the opinion that the leasehold here involved had a value on March 1, 1913, of $100,000 exclusive of the amount heretofore

allowed by the Commissioner, and that the depletion allowance should be based upon this amount.

*Judgment will be entered after 15 days' notice, under Rule 50.*